

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,922-02

### EX PARTE STEPHEN JAY SANDBLOOM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-DCR-053774A-HC2 IN THE 400th DISTRICT COURT
### FROM FORT BEND COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of aggravated robbery and sentenced to imprisonment for 40 years.

Applicant contends, *inter alia*, that his plea of guilty was involuntary, that he received ineffective assistance of counsel and that the plea agreement was breached in this case. In response to Applicant's allegations, the State requests, in pertinent part:

> To enable trial counsel to provide a full and complete response to Applicant's allegations, the State requests the Court to order trial counsel, Ira Perz, to provide a

responsive affidavit addressing Applicant's allegations of ineffective assistance of counsel and an involuntary plea. Counsel may then include in his affidavit the confidential information that informed his trial strategy and decisions and any confidential information that might aid the Court in resolving the issue of whether Applicant's plea was involuntary.

In addition, the habeas record includes a signed order designating issues (ODI). The ODI designates the following issues for resolution:

– Whether Applicant's plea of guilty was involuntary?
– Whether the plea agreement was breached?
– Whether Applicant was provided the effective assistance of counsel?

Given the aforementioned facts, we find the habeas record has been forwarded to this Court prematurely. We remand this application to the 400th District Court of Fort Bend County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 10, 2014
Do not publish